IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.

WILLIAM JOSEPH MERKIN

_____/

INDICTMENT

4:22cr8-AW

**THE GRAND JURY CHARGES:**

### COUNT ONE

Between on or about January 5, 2022, and on or about January 18, 2022, in the Northern District of Florida, the defendant,

**WILLIAM JOSEPH MERKIN,**

did knowingly attempt to receive, material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1).

### COUNT TWO

Between on or about January 5, 2022, and on or about January 18, 2022, in the Northern District of Florida, the defendant,

**WILLIAM JOSEPH MERKIN,**

did knowingly attempt to possess and access with intent to view material



containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## CRIMINAL FORFEITURE

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 2253. From his engagement in the violations alleged in Counts One and Two of this Indictment, the defendant,

## WILLIAM JOSEPH MERKIN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his interest in:

    A.    Any visual depiction or other matter containing such visual depiction or image of child pornography that was produced, transported, mailed, shipped, received, or possessed as alleged in Counts One and Two of this Indictment;

    B.    Any property, real or personal, constituting, or traceable to gross profits or other proceeds obtained from the offenses alleged in Counts One and

Two of this Indictment; and

    C.    Any property, real or personal, used or intended to be used to commit or promote the commission of the offenses alleged in Counts One and Two of this Indictment.

The property referenced in subparagraphs A, B, and C above includes, but is not limited to, computer hardware such as monitors, central processing units, keyboards, computer programs, software, computer storage devices, such as disk drive units, disks, tapes and hard disk drives/units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the aforementioned hardware and software, tools, equipment, and manuals and documentation for the assembly and use of the aforementioned hardware and software.

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of the Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), and by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of any forfeitable property described above.

All pursuant to Title 18, United States Code, Section 2253.

A TRUE BILL:

**REDACTED**

_2/1/2022_
DATE

_____
JASON R. COODY
United States Attorney

_____
JUSTIN M. KEEN
Assistant United States Attorney

4